THE UNITED STATES DISTRICTS COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

JAMES NATHANIEL DOUSE, Pro Se.
                                    Plaintiff         **Case No.** 8: 24 cv 2408 MSS - AEP

                                                      JURY TRIAL DEMANDED
                              Vs.

JESSE M. TILDEN, Of TILDE & Prohidney, P. L.
In his Individual Capacity, **Defendant-1**

JASON FROST, In his Individual Capacity,  Authorize Representative of Neal
Communities, **Defendant-2**

Britt, Martin S. (In his Individual Capacity, )
Registered Surveyor and Mapper
MSB Surveying, **Defendant-3**

CANOE CREEK NEIGHBORHOOD ASSOCIATION, INC.,
a Florida not-for-profit corporation and or ,
NEAL COMMUNITIES ON THE BRADEN RIVER, LLC,
**Defendant-4**

OCT 17 2024 PM4:27
FILED - USDC - FLMD - TPA

                                    )
                                    )

COMPLAINT

Submitted on behalf of: James Nathaniel Douse, Proceeding Pro Se.
Respectfully Submitted October 17, 2024    *James N. Douse*
                                    James Nathaniel Douse, Pro Se
                                    11523 Palmbrush Trail Unit 138
                                    Lakewood Ranch, Fl. 34202
                                    615-582-6318 Cell
                                    DDDNEIL83@GMAIL.COM

Case No.                                                    Page 2 of 11

(I).

1). Come Now the Plaintiff, JAMES NATHANIEL DOUSE, filing this

COMPLAINT, Against:

JESSE M. TILDEN, Of TILDE & Prohidney, P. L.
In his Individual Capacity, Defendant-1

JASON FROST, In his Individual Capacity,
Authorize Representative of Neal Communities, Defendant-2


Britt, Martin S. (In his Individual Capacity, )
Registered Surveyor and Mapper
MSB Surveying, Defendant-3


CANOE CREEK NEIGHBORHOOD ASSOCIATION, INC.,
a Florida not-for-profit corporation and or ,
NEAL COMMUNITIES ON THE BRADEN RIVER, LLC,
Defendant-4,  Collectively, will be referenced as Defendants hereafter.


2). This Lawsuit will Reference Violation of an existing Sales Contract, or
Contract Law; Violation of The Federal Housing Act, FHA, Violation of Florida
Statute Chapter 720 for Homeowners Associations, HOA,


3). On September 23, 2024 Trial was held at Manatee County Court House Room

4d, The County Court Judge made no Statement to the Mandatory Directive and


4). Multiple Requests to Remove State case CC-2021-6182 to Federal District

Court Pursuant to 28 U.S.C. § 1441,  were ignored.

Case No.                                                    Page 3 of 11

## II.   **JURISDICTION, VENUE, PARTIES, BACKGROUND AND PLAINTIFF CONTENTIONS**

Plaintiff Content and Pleads THE appropriate Jurisdiction and Venue and Parties here.

5). Generally, in order for federal question jurisdiction to exist, the cause of action must arise under federal law.  Federal question jurisdiction exists if the cause of action arises from the Constitution or laws of the United States. 28 U.S.C. § 1331. Defendants are in multiple violations of The Federal Housing Act,

6). Plaintiff contents that federal question jurisdiction exist and that The threshold question in determining whether a claim presents a federal question jurisdiction is whether the claim "arises under" the Constitution, laws, or treaties of the United States. See United States v. Blue Cross & Blue Shield of Ala., Inc., 156 F.3d 1098, 1102 (11th Cir. 1998).

**7). Jurisdiction:**
Pursuant to FHA 42 U.S.C. § 3605(a), Plaintiff, Mr. Douse, contents that Federal Question Subject Matter Jurisdiction exists, as Defendants are in Violation of State and Federal Law. This court has the Power to here this case.

Plaintiff , Mr. Douse, further contends the district court has jurisdiction over his action under Federal Rule of Civil Procedure 4(n).  "FRCP (n) ASSERTING JURISDICTION OVER PROPERTY OR ASSETS.  (1) Federal Law. The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.

**Case No.**                                              Page 4 of 11

8). This court has Personal Jurisdiction and powers over a defendant who is a party

involved in this controversy and has power to render judgments affecting the

defendant's rights.

9). This court has " Personal jurisdiction or in personam jurisdiction refers to a
court's power over a person (or entity) who is a party to, or involved in, a case or
controversy before the court, including its power to render judgments affecting that
person's rights"

Additionally:  Pursuant to
28 U.S.C. § 1332. Diversity of citizenship; amount in controversy; costs
(a) The district courts shall have original jurisdiction of all civil actions where the
matter in controversy exceeds the sum or value of $75,000, exclusive of interest
and costs, and is
between—
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state
are additional parties; and
(4) a foreign state, defined in section 1603 (a) of this title, as plaintiff and citizens
of a State or of different States.


**Venue:**
10). Venue is appropriate in this district under See 28 U.S.C. § 1391(a)(1)
    Venue is appropriate in this district under See 28 U.S.C. § 1391(a)(1)(2)

(a)Applicability of Section.—Except as otherwise provided by law—
(1)this section shall govern the venue of all civil actions brought in district courts
of the United States; and
(2) the proper venue for a civil action shall be determined without regard to
whether the action is local or transitory in nature.

**Case No.**                                        Page 5 of 11

<u>**Parties**</u>

11). Plaintiff, JAMES NATHANIEL DOUSE is a resident, U.S. Citizen and

Domicile of The Great State Florida and lives in the judicial district, Manatee

County, Florida, as of September 18, 2019.

- Resident of Manatee County, Florida, JESSE M. TILDEN, Of TILDE & Prohidney, P. L. In his Individual Capacity, Defendant-1

- Resident of Manatee County, Florida, JASON FROST, In his Individual Capacity,  Authorize Representative of Neal Communities, Defendant-2

- Resident of Manatee County, Florida, Britt, Martin S. (In his Individual Capacity, ) Registered Surveyor and Mapper
  MSB Surveying, Defendant-3

- Resident of and Does Business in its Offices in Manatee County, Florida, CANOE CREEK NEIGHBORHOOD ASSOCIATION, INC.,
  a Florida not-for-profit corporation and or ,
  NEAL COMMUNITIES ON THE BRADEN RIVER, LLC,
  Defendant-4,  Collectively, will be referenced as Defendants hereafter.

III. ARGUMENT:

**Case No.**                                                   Page 6 of 11

12).                                    (IV).

## SUMMARY OF ARGUMENT AND FACTUAL ALLEGATIONS

### The Fair Housing Act (FHA)

**Plaintiff alleges** the Defendants committed AND ongoing conduct is prohibited by the FHA Under the FHA 42 U.S.C. § 3605(a), it is unlawful for anyone engaging in residential real estate transactions "to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race [or other prohibited basis]." Further, FHA's implementing regulation states that a person is "directly liable" for failing to take "prompt action to correct and end a discriminatory housing practice

- Plaintiff, Mr. Douse confesses and admits that at the Time of closing on its home April 2020, I was a Resident and Lived in the State of Tennessee and Plaintiff, never physically attended Closing with the Neal Communities' Closing Agent.  All of Plaintiff signed Closing Document and also Documents pertaining for my Lot 51 **were Signed in the Present of a Notary with my " Wet Signature then Fedex back to Ms. Nancy Reynolds, Chief Financial Officer for Canoe Creek Neal Communities…..** For the Court's Consideration See Case 8:24-cv-01749 in this Court.

- Documents argue that his race, Black American, played a Major role in the Defendant's conduct and did not Provide nor give Plaintiff any Covenant Deeds and Restrictions…..But, All other Caucasian residents did received and signed the Covenant Deeds and Restrictions.

**Case No.**                                              Page 7 of 11

Cont'

## SUMMARY OF ARGUMENT AND FACTUAL ALLEGATIONS

### The Fair Housing Act (FHA)

- ...Plaintiff , Mr. Douse  argue AND alleges that his race, Black American, played a Major role in the Defendant's conduct not to accept <u>Plaintiff's Lot 51 Survey done by Manatee County Property Appraiser Office</u>, See Exhibit 3 and Exhibits 4....which show a *before home built Survey* **Exhibit 3.....**and an *After Home Built Survey* **See Exhibit 4**.....showing that Plaintiff received the Full Extended footage of the Survey but Other Residents did not because Manatee County and Canoe Creek Neal Communities constructed a Storm Drainage in the Rear of Lots 47, 48, 49, 50, 52 and 53 Lot 51, Plaintiff's Lot has a 100 year Old Oak Tree in the back of plaintiff's Home and There was [NOT] a Storm Drain built in back of Plaintiff's Home.

- ...Plaintiff , Mr. Douse  argue AND alleges that his race, Black American, played a Major role in defendants not giving <u>Mr. Douse any Covenant Deeds and Restrictions.....where All other Caucasian residents did received and signed the Covenant Deeds and Restrictions.</u>

- ...Plaintiff, Mr. Douse, further contends AND alleges that Defendants are in Violation of Contract Law where the Terms of the existing Contract were violated See Exhibit-1     page 9 item 24.....All Defendants aided and or and assisted these many violations.  Knowingly or Should have known, That all Defendants Violated this Contract.

- ...Plaintiff, Mr. Douse, further contends that Defendants are in Violation of Florida State Statutes Chapter 720 where Home Owners are not Required to Conform to Uniformity in any HOA environments.....Meaning Defendant can not force Plaintiff to have only "White Lights" in my Yard, and Plaintiff can not have Flowers at or near my Drive-way and Plaintiff does not hve to place it HOA Approved Fence 20 nor 30 feet from the corner of my Homes....All of These are harassment tactics currently being done in Canoe

**Case No.**                                               Page 8 of 11

- Creek Communities Contract Law where the Terms of the existing Contract were aided by and or and assisted by all Defendants

- Thus Financial Relief is Warranted and Permanent Injunction is Requested where Defendants are to Cease and Desist its Racial Discrimination tactics and Harassment practices

- Defendant never made available any Covenant Deed and Restrictions which to sign, which is a Real estate Transaction and a Discriminatory act Under FHA.

....Plaintiff, Mr. Douse, further contends that Defendant never made available any Covenant Deed and Restrictions which to sign, which is a Real estate Transaction and a Discriminatory act Under FHA.

- ....Plaintiff , Mr. Douse, further contends the district court has jurisdiction over his action under Federal Rule of Civil Procedure 4(n), and the plaintiffs are intentionally discriminating against him,

**Case No.**                                              Page 9 of 11

13).

**(V).**

## <u>BASIS FOR RELIEF FOR VIOLATING The Fair Housing Act (FHA)</u>

**<u>Plaintiff alleges</u>** and States Basis for Relief under FHA to

\*Protects Plaintiff and or the public interest by deterring future discrimination by

- \*Protects the public interest by deterring future discrimination by the Fiduciary-Defendants to Defendant-1. Defendant-3. Defendant-4.

- \*Protects the public interest by deterring future discrimination by the Fiduciary-Defendants to Defendant-1.

- \*Protects the public interest by deterring future Violation Of Plaintiff Civil Rights, U.S. Constitution 5 Amendment…..(Last Sentence). Personal Propery my be Justly compensated for.

- **<u>Plaintiff Further</u>** States Basis for Relief for violation of FHA , Florida State Statute and or Plaintiff's Civil Right Plaintiff Prays and Seeks:

Defendant-1 Plaintiff Seeks $250,000 (Two Hundred Thousand Dollars)

Defendant-2 Plaintiff Seeks $250,000 (Two Hundred Fifty Thousand Dollars)

Defendant-3 Plaintiff Seeks $150,000 (One Hundred Fifty Thousand Dollars)

Defendant-4 Plaintiff Seeks $90,000 (Ninety Thousand Dollars)


Plaintiff further Seek any new Home Owners Association, HOA, Documentation regarding Canoe Creek's Community Deeds and Restrictions……so that Plaintiff can conduct himself accordingly and Defendants should conduct themselves according to The FHA's Protected classes.

**Case No.**                                                        Page 10 of 11

(VI).

Plaintiff Demand a JURY TRIAL Pursuant to FRCP Rule 38(b) of the Federal

Rules of Civil Procedure.

(VII).

## CONCLUSION AND SUMMARY JUDGMENT WARRANTED

14). Again, The Privacy Act of 1974 protects personal information held by the
federal government; the Act does this by preventing unauthorized disclosures of
such information. Individuals also have the right to review the information, request
corrections, and be informed of any disclosures.

15). Plaintiff again, Prays for Relief from any and all forms of Harassment by all

Defendants cease.  Plaintiff further Prays and Demands Financial Relief from All

Defendants as the United States Supreme Court current holding that Sanctions and

Financial Relief are permissible:
- Count-1 Violations of the Federal Housing Act, FHA, as Plaintiff's Race is the Issue within this Canoe Creek Community.

- Count-2 Violation of Current Sales Contract. The Terms of the Contract was Violated.  Contract Law Prohibits such actions by the Defendants

- Count-3 Submitting False and or Incomplete and or Inaccurate Survey of Plaintiff's Lot 51.  Manatee County Property Appraiser Office Confirms that Plaintiff did not commandeer anyone's Property

Submitted October 17, 2024

James Nathaniel Douse, Pro Se
11523 Palmbrush Trail Unit 138
Lakewood Ranch, Fl. 34202
615-582-6318 Cell

Case No.                                                        Page 11 of  11

### CERTIFICATE OF SERVICE

Plaintiff hereby certify that on October 17, 2024, all Defendants are being served

via Process Server at the Address on file for Registered Agent.

Registered Agent Name & Address
Tilden & Prohidney, P.L.
Jesse M. Tilden, Florida Bar Number: 0550566, **Defendant-1**
431 12th St W, STE 204
Bradenton, FL 34205

Registered Agent Name & Address
Title President, GIBBS, BEN
FROST, JASON, **Defendant-2**
5800 LAKEWOOD RANCH
SARASOTA, FL 34240

Registered Agent Name & Address
Britt, Martin S., **Defendant-3**
536 INTERSTATE CT
SARASOTA, FL 34240

Registered Agent Name & Address
Title President, GIBBS, BEN; FROST, JASON,
NEAL COMMUNITIES ON THE BRADEN RIVER, LLC., and or
CANOE CREEK NEIGHBORHOOD ASSOCIATION, INC.,
a Florida not-for-profit corporation,   **Defendant-4**
5800 LAKEWOOD RANCH
SARASOTA, FL 34240

Respectfully Submitted October 17, 2024

James Nathaniel Douse, Pro Se
11523 Palmbrush Trail Unit 138
Lakewood Ranch, Fl. 34202
615-582-6318 Cell